UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ING BANK, fsb (d/b/a ING DIRECT), and ING DIRECT BANCORP,<br><br>Plaintiffs,<br><br>v.<br><br>EVERBANK,<br>EVERBANK FINANCIAL CORP., and<br>STONE & WARD, INC.<br>(d/b/a/ STONE WARD),<br><br>Defendants. | C.A. No. 07-154-GMS<br><br>JURY TRIAL DEMANDED |

## ANSWER AND AFFIRMATIVE DEFENSES
## OF DEFENDANTS EVERBANK AND EVERBANK FINANCIAL CORP.

Defendants EverBank ("EverBank") and EverBank Financial Corp. ("EverBank Financial") (collectively "Defendants"), by and through their undersigned attorneys, file this Answer and Affirmative Defenses to the Complaint filed by Plaintiffs, ING Bank, fsb (d/b/a ING Direct), and ING Direct Bancorp ("Plaintiffs"), and in response to the corresponding numbered paragraphs of Plaintiffs' Complaint state as follows (Defendants have incorporated the headings as they appear in Plaintiffs' Complaint for the convenience of the Court):

## NATURE OF THE ACTION

1.      Paragraph 1 of Plaintiffs' Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the averments contained in paragraph 1 of Plaintiffs' Complaint.

659570-1

## JURISDICTION AND VENUE

2.      Paragraph 2 of Plaintiffs' Complaint states a legal conclusion to which no response is required.

3.      Paragraph 3 of Plaintiffs' Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the averments contained in paragraph 3 of Plaintiffs' Complaint.

## PARTIES

4.      Defendants are without knowledge or information sufficient to form a belief as to the truth of, and therefore deny, the averments contained in paragraph 4 of Plaintiffs' Complaint.

5.      Defendants are without knowledge or information sufficient to form a belief as to the truth of, and therefore deny, the averments contained in paragraph 5 of Plaintiffs' Complaint.

6.      Defendants admit that EverBank is an FDIC-insured federally chartered savings association headquartered at 8100 Nations Way, Jacksonville, Florida 32256.  Defendants admit that EverBank delivers products and provides services directly to consumers and through business partners in all 50 states, and consumers make deposits to and withdrawals from their EverBank accounts from all 50 states.  Defendants further state that EverBank maintains an Internet web site located at the domain name address www.everbank.com to identify and advertise its products and services. Defendants deny the remaining averments contained in paragraph 6 of Plaintiffs' Complaint.

7.      Defendants admit that EverBank Financial is a Florida corporation having an address of 8100 Nations Way, Jacksonville, Florida 32256.  Defendants deny the remaining averments contained in paragraph 7 of Plaintiffs' Complaint.

2

8.      Defendants are without knowledge or information sufficient to form a belief as to the truth of, and therefore deny, the averments contained in paragraph 8 of Plaintiffs' Complaint.

## FACTS

9.      Defendants are without knowledge or information sufficient to form a belief as to the truth of, and therefore deny, the averments contained in paragraph 9 of Plaintiffs' Complaint.

10.     Defendants are without knowledge or information sufficient to form a belief as to the truth of, and therefore deny, the averments contained in paragraph 10 of Plaintiffs' Complaint.

11.     Defendants are without knowledge or information sufficient to form a belief as to the truth of, and therefore deny, the averments contained in paragraph 11 of Plaintiffs' Complaint.

12.     Defendants are without knowledge or information sufficient to form a belief as to the truth of, and therefore deny, the averments contained in paragraph 12 of Plaintiffs' Complaint.

13.     Defendants are without knowledge or information sufficient to form a belief as to the truth of, and therefore deny, the averments contained in paragraph 13 of Plaintiffs' Complaint.

14.     Defendants are without knowledge or information sufficient to form a belief as to the truth of, and therefore deny, the averments contained in paragraph 14 of Plaintiffs' Complaint.

15.     Defendants are without knowledge or information sufficient to form a belief as to the truth of, and therefore deny, the averments contained in paragraph 15 of Plaintiffs' Complaint.

659570-1

16.     Defendants are without knowledge or information sufficient to form a belief as to the truth of, and therefore deny, the averments contained in paragraph 16 of Plaintiffs' Complaint.

17.     Defendants are without knowledge or information sufficient to form a belief as to the truth of, and therefore deny, the averments contained in paragraph 17 of Plaintiffs' Complaint.

18.     Defendants are without knowledge or information sufficient to form a belief as to the truth of, and therefore deny, the averments contained in paragraph 18 of Plaintiffs' Complaint.

19.     Defendants admit that EverBank is an FDIC-insured federally funded chartered savings association.    Defendants admit that EverBank Direct has approximately $1.5 billion in banking accounts. Defendants further state that EverBank maintains an Internet web site located at the domain name address www.everbank.com to identify and advertise its products and services. Defendants are without knowledge or information sufficient to form a belief as to the truth of, and therefore deny, the remaining averments contained in paragraph 19 of Plaintiffs' Complaint.

20.     Defendants admit that EverBank and ING are direct competitors.  Defendants deny the remaining averments contained in paragraph 20 of Plaintiffs' Complaint.

21.     Defendants admit that the printouts of frames attached as Exhibit B of Plaintiffs' Complaint depict selected frames of an animated EverBank advertisement that appeared at some period of time on the Internet. Defendants deny the remaining averments contained in paragraph 21 of Plaintiffs' Complaint.

4

659570-1

22.     Defendants admit that the printouts of frames attached as Exhibit B of Plaintiffs' Complaint depict selected frames of an animated EverBank advertisement that appeared at some period of time on the Internet.  Defendants admit that the article attached as Exhibit C of Plaintiffs' Complaint includes the language quoted by Plaintiffs.  Defendants deny the remaining averments contained in paragraph 22 of Plaintiffs' Complaint.

23.     Defendants admit that the article attached as Exhibit C of Plaintiffs' Complaint includes the language quoted by Plaintiffs.  Defendants deny the remaining averments contained in paragraph 23 of Plaintiffs' Complaint.

24.     Defendants admit that the web page printout attached as Exhibit D appeared at some period of time on the web site located at www.everbank.com. Defendants deny the remaining averments contained in the remainder of paragraph 24 of Plaintiffs' Complaint.

25.     Defendants deny the averments contained in paragraph 25 of Plaintiffs' Complaint.

26.     Defendants deny the averments contained in paragraph 26 of Plaintiffs' Complaint.

27.     Defendants deny the averments contained in paragraph 27 of Plaintiffs' Complaint.

28.     Defendants deny the averments contained in paragraph 28 of Plaintiffs' Complaint.

29.     Defendants deny the averments contained in paragraph 29 of Plaintiffs' Complaint.

30.     Defendants deny that the printouts of frames attached as Exhibit B of Plaintiffs' Complaint depict selected frames of an animated an EverBank advertisement that appeared at

659570-1

some period of time on the Internet. Defendants deny the remaining averments contained in paragraph 30 of Plaintiffs' Complaint.

31.    Defendants deny the averments contained in paragraph 31 of Plaintiffs' Complaint.

32.    Defendants admit that EverBank received a letter from ING DIRECT. Defendants admit that EverBank responded in writing to ING DIRECT's letter. Defendants further state that, upon receipt of ING DIRECT's letter, EverBank removed the advertisement from the Internet. Defendants deny the remaining averments contained in paragraph 32 of Plaintiffs' Complaint.

33.    Defendants admit that EverBank submitted ING as a keyword to search engines. Defendants deny the remaining averments contained in paragraph 33 of Plaintiffs' Complaint.

34.    Defendants deny the averments contained in paragraph 34 of Plaintiffs' Complaint.

35.    Defendants deny the averments contained in paragraph 35 of Plaintiffs' Complaint.

36.    Defendants deny the averments contained in paragraph 36 of Plaintiffs' Complaint.

### COUNT I – INFRINGEMENT OF REGISTERED TRADEMARK

37.    In response to the second paragraph 37 of Plaintiffs' Complaint, Defendants restate their responses to paragraphs 1 through the first paragraph 36 of Plaintiffs' Complaint as if fully set forth herein.

38.    Defendants deny the averments contained in paragraph 38 of Plaintiffs' Complaint.

659570-1

## COUNT II – FALSE DESIGNATION OF ORIGIN

39.    In response to the second paragraph 39 of Plaintiffs' Complaint, Defendants restate their responses to paragraphs 1 through the first paragraph 36 of Plaintiffs' Complaint as if fully set forth herein.

40.    Defendants deny the averments contained in paragraph 41 of Plaintiffs' Complaint.

## COUNT III – FALSE ADVERTISING

41.    In response to the second paragraph 41 of Plaintiffs' Complaint, Defendants restate their responses to paragraphs 1 through the first paragraph 36 of Plaintiffs' Complaint as if fully set forth herein.

42.    Defendants deny the averments contained in paragraph 42 of Plaintiffs' Complaint.

## COUNT IV – UNFAIR COMPETITION

43.    In response to the second paragraph 43 of Plaintiffs' Complaint, Defendants restate their responses to paragraphs 1 through the first paragraph 36 of Plaintiffs' Complaint as if fully set forth herein.

44.    Defendants deny the averments contained in paragraph 44 of Plaintiffs' Complaint.

## COUNT V – FEDERAL TRADEMARK DILUTION

45.    In response to the second paragraph 45 of Plaintiffs' Complaint, Defendants restate their responses to paragraphs 1 through the first paragraph 36 of Plaintiffs' Complaint as if fully set forth herein.

659570-1

46.     Defendants deny the averments contained in paragraph 46 of Plaintiffs' Complaint.

47.     Defendants deny the averments contained in paragraph 47 of Plaintiffs' Complaint.

## COUNT VI –TRADEMARK DILUTION AND INJURY TO BUSINESS REPUTATION UNDER THE DELAWARE TRADEMARK ACT, 6 DEL. C. § 3313

48.     In response to the second paragraph 48 of Plaintiffs' Complaint, Defendants restate their responses to paragraphs 1 through the first paragraph 36 of Plaintiffs' Complaint as if fully set forth herein.

49.     Defendants deny the averments contained in paragraph 49 of Plaintiffs' Complaint.

50.     Defendants deny the averments contained in paragraph 50 of Plaintiffs' Complaint.

## COUNT VII – UNFAIR COMPETITION UNDER THE DELAWARE UNIFORM DECEPTIVE TRADE PRACTICES ACT, 6 DEL. C. § 2531 ET SEQ.

51.     In response to the second paragraph 51 of Plaintiffs' Complaint, Defendants restate their responses to paragraphs 1 through the first paragraph 36 of Plaintiffs' Complaint as if fully set forth herein.

52.     Defendants deny the averments contained in paragraph 52 of Plaintiffs' Complaint.

## COUNT VIII – COMMON LAW UNFAIR COMPETITION

53.     In response to the second paragraph 53 of Plaintiffs' Complaint, Defendants restate their responses to paragraphs 1 through the first paragraph 36 of Plaintiffs' Complaint as if fully set forth herein.

659570-1

54.    Defendants deny the averments contained in paragraph 54 of Plaintiffs' Complaint.

## COUNT IX – COMMON LAW UNJUST ENRICHMENT

55.    In response to the second paragraph 55 of Plaintiffs' Complaint, Defendants restate their responses to paragraphs 1 through the first paragraph 36 of Plaintiffs' Complaint as if fully set forth herein.

56.    Defendants deny the averments contained in paragraph 56 of Plaintiffs' Complaint.

57.    Defendants deny the averments contained in paragraph 57 of Plaintiffs' Complaint.

58.    Defendants deny the averments contained in paragraph 58 of Plaintiffs' Complaint.

59.    Defendants deny the averments contained in paragraph 59 of Plaintiffs' Complaint.

60.    Defendants deny the averments contained in paragraph 60 of Plaintiffs' Complaint.

## RELIEF REQUESTED

Defendants deny that Plaintiffs are entitled to any of the relief requested in their prayer for relief.

## FIRST AFFIRMATIVE DEFENSE

61.    Plaintiffs' Complaint, and each and every Count of Plaintiffs' Complaint, fails to state a claim upon which relief may be granted.

659570-1

## SECOND AFFIRMATIVE DEFENSE

62.    Any use of Plaintiffs' trademarks by Defendants constitutes fair use.

## THIRD AFFIRMATIVE DEFENSE

63.    Plaintiffs' claims are barred by the doctrines of laches, estoppel, and acquiescence.

## FOURTH AFFIRMATIVE DEFENSE

64.    Plaintiffs' claims are barred by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

65.    Plaintiffs have suffered no damages by virtue of any use by Defendants of Plaintiffs' trademark.

## SIXTH AFFIRMATIVE DEFENSE

66.    This action must be dismissed for lack of personal jurisdiction.

May 11, 2007                               THE BAYARD FIRM

                                           /s/ Richard D. Kirk (rk0922)
                                           Richard D. Kirk
                                           Ashley B. Stitzer
                                           222 Delaware Avenue, Suite 900
                                           P.O. Box 25130
                                           Wilmington, DE  19899-5130
                                           (302) 655-5000
                                           rkirk@ bayardfirm.com
                                           Counsel for Defendants,
                                             EverBank and EverBank Financial Corp.

OF COUNSEL:

R. David Hosp
GOODWIN | PROCTER LLP
Exchange Place
Boston, MA 02109
(617) 570-1000

10

659570-1

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on May 11, 2007, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Francis DiGiovanni, Esquire
Connolly, Bove, Lodge & Hutz
The Nemours Building
1007 North Orange Street
PO Box 2207
Wilmington, Delaware 19899

Julia Heaney
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
PO Box 1347
Wilmington, DE  19899

The undersigned counsel further certifies that, on May 11, 2007, copies of the foregoing document were sent by email and hand to the above local counsel.

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

659663-1