IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ING BANK, fsb and ING DIRECT BANCORP | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No: 07-154-GMS |
| EVERBANK, EVERBANK FINANCIAL CORP., and STONE & WARD, INC. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**STONE WARD'S OPENING BRIEF IN SUPPORT OF ITS
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Julia Heaney (#3052)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 351-9221
jheaney@mnat.com
*Attorneys for Defendant Stone & Ward, Inc.*

May 11, 2007

i.

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .......................................................................... ii

NATURE AND STAGE OF THE PROCEEDING ...................................... 1

SUMMARY OF ARGUMENT................................................................... 1

STATEMENT OF FACTS ......................................................................... 2

ARGUMENT ............................................................................................. 3

    I.     ING CANNOT DEMONSTRATE THAT PERSONAL
         JURISDICTION EXISTS OVER STONE WARD. ............................3

        A.    ING Cannot Establish Specific Jurisdiction Over Stone
             Ward Under The Delaware Long-Arm Statute. .........................4

        B.    ING Cannot Establish General Jurisdiction Over Stone
             Ward Under the Delaware Long-Arm Statute...........................7

        C.    The Exercise Of Personal Jurisdiction Over Stone Ward
             Would Violate The Due Process Clause....................................8

CONCLUSION ......................................................................................... 10

i.

# TABLE OF AUTHORITIES

CASES                                                                    PAGE

*Asahi Metal Indus. Co. v. Superior Court of California,*
　480 U.S. 102 (1987)................................................................... 9

*Bell Helicopter Textron, Inc. v. C&C Helicopter Sales, Inc.,*
　295 F. Supp. 2d 400 (D. Del. 2002)..........................................3-4

*C.R. Bard Inc. v. Guidant Corp.,*
　997 F. Supp. 556 (D. Del. 1998)................................................. 8

*Cybersell, Inc. v. Cybersell, Inc.,*
　130 F.3d 414 (9th Cir. 1997)...................................................... 9

*E.I. duPont de Nemours and Co. v. Rhodia Fiber and Resin Intermediates,*
　197 F.R.D. 112 (D. Del. 2000) ................................................... 8

*eSpeed, Inc. v. Brokertec USA,*
　C.A. 03-612, 2004 WL 2346137 (D. Del. Sept. 13, 2004) ..................... 5

*Gehling v. St. George's School of Medicine,*
　773 F.2d 539 (3d Cir. 1985)....................................................... 9

*Hy Cite Corp. v. Badbusinessbureau.com,*
　297 F. Supp. 2d 1154 (W.D. Wis. 2004)...................................... 9

*ICT Pharms., Inc. v. Boehringer Ingelheim Pharms., Inc.,*
　147 F. Supp. 2d 268 (D. Del. 2001)............................................ 3

*Int'l Shoe Co. v. Washington,*
　326 U.S. 310 (1945).............................................................. 3, 9

*Intel Corp. v. Silicon Storage Tech., Inc.,*
　20 F. Supp. 2d 690 (D. Del. 1998)..........................................3-5, 8

*Joint Stock Society  v. Heublein, Inc.,*
　936 F. Supp. 177 (D. Del. 1996)................................................ 8

*Kalk v. Fairfield Language Techs.,*
　C.A. 04-1486, 2005 WL 945715 (D. Del. Apr. 22, 2005) ................... 6

*LaNuova D & B, S.p.A. v. Bowe Co., Inc.,*
　513 A.2d 764 (Del. 1986)......................................................... 4

*M & M Techs., Inc. v. Gurtler Chems. Inc.*,
    C.A. 03-994,  2005 WL 293509 (D. Del. Feb. 8, 2005) .......................... 8

*McDonough v. Fallon McElligott, Inc.*,
    C.A. 95-4037, 1996 WL 753991 (S.D. Cal. Aug. 5, 1996)...................... 6

*McNeil Nutritionals, LLC v. Sugar Ass'n*,
    C.A. 05-69, 2005 WL 1000242 (D. Del. Apr. 29, 2005) ........................ 6

*Mid City Bowling Lanes & Sports Palace, Inc. v. Ivercrest, Inc.*,
    35 F. Supp. 2d 507 (E.D. La. 1999)............................................ 9

*Osteotech, Inc. v. Gensci Regeneration Sciences, Inc.*,
    6 F. Supp. 2d 349 (D.N.J. 1998)............................................. 9

*Reach & Assoc. v. Dencer*,
    269 F. Supp. 2d 497 (D. Del. 2003)........................................... 7

*Resnick v. Manfredy*,
    52 F. Supp. 2d 462 (E.D. Pa. 1999) ...................................... 5, 9

*Sanitec Indus., Inc. v. Sanitec Worldwide, Ltd.*,
    376 F. Supp. 2d 571 (D. Del. 2005)........................................... 5

*Sears, Roebuck & Co. v. Sears*,
    744 F. Supp. 1289 (D. Del. 1990)........................................ 5, 7

*Siemens Aktiengesellschaft v. LG Semicon Co.*,
    69 F. Supp. 2d 662 (D. Del. 1999)........................................... 8

*Sumpter v. American Tobacco Co.*,
    No. IP98-0401, 2000 WL 1449851 (S.D. Ind. May 4, 2000)................... 6

*Telcordia Techs., Inc. v. Alcatel, S.A.*,
    C.A. 04-874, 2005 WL 1268061 (D. Del. May 27, 2005) ...................... 5

*Toys "R" Us, Inc. v. Step Two S.A.*,
    318 F.3d 446 (3d Cir. 2003) ............................................ 5, 9

## STATUTES

10 DEL. C. § 3104(c)...............................................................3-4

10 DEL. C. § 3104(c)(1) and (3) ..................................................4-5

10 DEL. C. § 3104(c)(4) ............................................................ 7

## OTHER AUTHORITIES

Federal Rule of Civil Procedure 12(b)........................................... 1

NATURE AND STAGE OF THE PROCEEDING

Plaintiffs ING Bank and ING Direct Bancorp (collectively "ING") filed this action for trademark infringement, false designation of origin, false advertisement, unfair competition, and trademark dilution under the Lanham Act, Delaware state law claims under the Delaware Trademark Act and Delaware Uniform Deceptive Trade Practices Act, common law unfair competition, and common law unjust enrichment against EverBank and EverBank Financial Corp. ("EverBank") and Stone & Ward, Inc. ("Stone Ward") on March 15, 2007. D.I. 1 (hereinafter "Compl."). ING alleges that EverBank and Stone Ward "improperly used and traded upon the ING Name and ORANGE BALL DESIGN mark" through an Internet advertising and promotional campaign. Compl. ¶ 21. The Internet advertisement that is the subject of ING's Complaint was online for less than two weeks in February 2007 and was promptly discontinued as soon as ING demanded. *Id.* ¶ 32.

Stone Ward has moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b) for lack of personal jurisdiction. This is Stone Ward's opening brief in support of its motion to dismiss.

SUMMARY OF ARGUMENT

ING's Complaint fails to establish facts sufficient to establish personal jurisdiction over Stone Ward. Jurisdiction over Stone Ward under the Delaware long-arm statute is improper because Stone Ward does not do business in Delaware, has no office in Delaware, has no clients in Delaware and no contacts with Delaware. Stone Ward has not purposefully directed its activities to Delaware or its residents and this cause of action does not arise out of any activities of Stone Ward in Delaware. Stone Ward further derives no revenue from Delaware and has not engaged in a persistent course of conduct in Delaware. Jurisdiction over

Stone Ward would also offend traditional notions of fair play and substantial justice of due process under the United States Constitution.  Stone Ward has no contacts with Delaware that would suffice to establish the minimum contacts that would make it foreseeable to be haled into a Delaware court.

<u>STATEMENT OF FACTS</u>

Stone Ward is a public relations and advertising agency incorporated in Arkansas with its principal place of business at 225 East Markham, Little Rock, Arkansas, 72201.  Rogers Decl. ¶ 2; Exh. A (hereinafter "Decl.").  Stone Ward has no office, employees or clients in Delaware, is not registered to do business and does not have a registered agent in Delaware, and has no bank account or property in Delaware.  *Id*. ¶ 3-5.  Stone Ward does not solicit business or advertise its services in Delaware, or derive any revenue from Delaware.  *Id*. ¶ 6-7.  None of the advertising that Stone Ward has created for its national clients has been intended for or directed at Delaware residents.  *Id*. ¶ 8.

The EverBank Internet advertisement that is the subject of ING's Complaint appeared on certain websites from February 1 until February 13, 2007.  Decl. ¶ 10.  The print promotional materials also cited in the Complaint were distributed on January 31, 2007 only, in Chicago, San Francisco and New York.  *Id*. ¶ 11.  All of these advertisements were created for EverBank.  *Id*. ¶ 12.  They did not advertise Stone Ward's services, and Stone Ward's name did not appear anywhere on the advertisements or on EverBank's website.  *Id*. ¶ 16.  None of the work done by Stone Ward for the EverBank advertisements was performed in Delaware.  *Id*. ¶ 13.

<u>ARGUMENT</u>

As the party asserting jurisdiction, ING bears the burden of proving facts sufficient to establish a prima facie showing of personal jurisdiction over Stone Ward. *ICT Pharms., Inc. v. Boehringer Ingelheim Pharms., Inc.*, 147 F. Supp. 2d 268, 270-72 (D. Del. 2001). Personal jurisdiction exists over a defendant if two requirements are met, one statutory and one constitutional. *Bell Helicopter Textron, Inc. v. C&C Helicopter Sales, Inc.*, 295 F. Supp. 2d 400, 402 (D. Del. 2002). A Delaware district court may exercise personal jurisdiction over a nonresident according to the extent authorized by the Delaware long-arm statute. *Id*. at 403. *See also* 10 DEL. C. § 3104(c). Additionally, the exercise of personal jurisdiction over a nonresident must comport with due process under the United States Constitution. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945). "It is important not to collapse the long-arm inquiry into the due process inquiry" because the Delaware long arm statute has not been held "coextensive with federal due process." *Intel Corp. v. Silicon Storage Tech., Inc.*, 20 F. Supp. 2d 690, 694 (D. Del. 1998).

I.    ING CANNOT DEMONSTRATE THAT PERSONAL JURISDICTION EXISTS OVER STONE WARD.

The Delaware long-arm statute provides for personal jurisdiction over a nonresident who:

(1)    Transacts any business or performs any character of work or service in the State;

(2)    Contracts to supply services or things in this State;

(3)    Causes tortious injury in the State by an act or omission in the State;

(4)    Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State;

(5)     Has an interest in, uses or possesses real property in the State;

(6)     Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation or agreement located, executed or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.

10 DEL. C. § 3104(c).

A.     ING Cannot Establish Specific Jurisdiction Over Stone Ward Under The Delaware Long-Arm Statute.

Jurisdiction over Stone Ward is improper under the specific jurisdiction provisions of the Delaware long-arm statute, 10 DEL. C. § 3104(c)(1) and (3).[1] These specific jurisdiction provisions require that the alleged cause of action arose from the defendant's contacts with the forum state. *LaNuova D & B, S.p.A. v. Bowe Co., Inc.*, 513 A.2d 764, 768 (Del. 1986). In order to establish jurisdiction under section (c)(1), the defendant's act must have been directed at the residents of Delaware and the privileges and benefits of Delaware laws. *See Bell Helicopter*, 295 F. Supp at 405. Section (c)(3) requires the defendant to have been present in Delaware when the act was committed. *Silicon Storage Tech.*, 20 F. Supp. 2d at 698-99. ING cannot show that Stone Ward has had any contact with Delaware, let alone any contact that gave rise to the allegations in its Complaint. Stone Ward does not do business in Delaware and has neither received revenue from nor paid money to any Delaware business. Decl. ¶ 6-7.

ING's only allegation of jurisdiction over Stone Ward is that it "provides and distributes advertising materials on a national basis, with the knowledge and intent that the advertisements and marketing materials that it creates will be distributed nationally, including in

---

[1]     Sections (c)(2), (5), and (6) are inapplicable to the facts alleged in the Complaint.

Delaware." Compl. ¶ 8. ING specifically alleges that Stone Ward provides and distributes advertisements to its national clients including through "media channels that purposefully reach Delaware and residents of Delaware" and that Stone Ward creates "interactive and transactional" Internet advertisements. *Id.*

None of these allegations is sufficient to establish jurisdiction over Stone Ward. The placement of advertisements in national magazines does not rise to the level of "transacting business" in Delaware under § 3104(c)(1), and as an act performed outside of Delaware, it does not provide jurisdiction under § 3104(c)(3). *Silicon Storage Tech.*, 20 F. Supp. 2d at 696; *Sears, Roebuck & Co. v. Sears*, 744 F. Supp. 1289, 1293 (D. Del. 1990) (advertisements in national magazines do not qualify as transacting business in Delaware). Further, ING cannot show that Stone Ward has used "media channels that purposefully reach Delaware and residents of Delaware." As stated in the Rogers Declaration, Stone Ward has not placed any advertisement, either for itself or for a client, in a Delaware newspaper, magazine, television channel, or any other media channel purposefully directed at Delaware. Decl. ¶ 8-9.

The Third Circuit has held that Internet advertising "fall[s] under the same rubric as advertising in a national magazine." *Resnick v. Manfredy*, 52 F. Supp. 2d 462, 468 (E.D. Pa. 1999). "The mere maintenance of an interactive website is insufficient to support personal jurisdiction in the absence of evidence indicating that the website operator intentionally aims the website at the forum state or knowingly conducts business with forum residents via the website." *Sanitec Indus., Inc. v. Sanitec Worldwide, Ltd.*, 376 F. Supp. 2d 571, 574 (D. Del. 2005) *citing Toys "R" Us, Inc. v. Step Two S.A.*, 318 F.3d 446 (3d Cir. 2003). *See also Telcordia Techs., Inc. v. Alcatel, S.A.*, C.A. 04-874, 2005 WL 1268061, at *7 (D. Del. May 27, 2005); *eSpeed, Inc. v. Brokertec USA*, C.A. 03-612, 2004 WL 2346137, at *3 (D. Del. Sept. 13, 2004) ("Mere

6.

accessibility of a website, though, is not a matter of much moment. It is the interactivity and the conducting of business over the Internet that carries jurisdictional consequences."); *Kalk v. Fairfield Language Techs.*, C.A. 04-1486, 2005 WL 945715, at *1 (D. Del. Apr. 22, 2005) (there must be evidence of the defendant "directly targeting its website to the state, knowingly interacting with residents of the forum state via its website, or through sufficient other related contacts").

        ING cannot show that the EverBank Internet advertisement that is the subject of ING's Complaint was targeted at Delaware or its residents. Moreover, the Internet advertisement does not advertise Stone Ward's services—it is an advertisement for EverBank. Stone Ward did not maintain or operate the websites where the advertisement appeared, it did not use the website advertisement to conduct business for itself, and it was not even mentioned in the advertisement. Decl. ¶ 12, 15-16. Like the public relations firm defendant, Qorvis, in *McNeil Nutritionals, LLC v. Sugar Ass'n*, Stone Ward designed the Internet advertisement outside of Delaware and did not maintain the websites where the advertisement appeared. C.A. 05-69, 2005 WL 1000242, at *3 (D. Del. Apr. 29, 2005) (website designed and maintained in Virginia, not Delaware). Therefore, the EverBank advertisement cannot confer jurisdiction over Stone Ward. *See Sumpter v. American Tobacco Co.*, No. IP98-0401, 2000 WL 1449851, at *11 (S.D. Ind. May 4, 2000) (holding that personal jurisdiction did not exist over a public relations firm that created advertising and public relations pieces for a tobacco company because the advertisements were not aimed at the forum state but were intended for a national audience and the public relations firm had no office, property, employees or agents in the state, and did not derive substantial revenue from the state); *McDonough v. Fallon McElligott, Inc.*, C.A. 95-4037, 1996 WL 753991, at *1 (S.D. Cal. Aug. 5, 1996) (granting motion to dismiss where defendant

7.

advertising agency had no offices, employees, bank accounts, or clients in California, even though defendant used a copyrighted photograph in an advertisement appearing in national publications, because the mere operation of a website did not establish jurisdiction).

> B.    ING Cannot Establish General Jurisdiction Over Stone
> Ward Under the Delaware Long-Arm Statute.

The standard for general jurisdiction, continuous and substantial activity in the forum state, is a high standard and rarely met.  *Sears*, 744 F. Supp. at 1304; *Reach & Assoc. v. Dencer*, 269 F. Supp. 2d 497, 505 (D. Del. 2003).  The general jurisdiction provision of the Delaware long-arm statute, § 3104(c)(4), authorizes jurisdiction over a nonresident defendant who commits a tortious act outside the state only if the defendant regularly does or solicits business, engages in any other persistent course of conduct in Delaware or derives substantial revenue from Delaware.  10 DEL. C. § 3104(c)(4).

As stated above, Stone Ward has no contacts with Delaware, let alone continuous and substantial contacts.  Stone Ward does not conduct or solicit business in Delaware.  Decl. ¶ 6.  Stone Ward is an Arkansas corporation with its principal place of business in Little Rock, Arkansas.  *Id*. ¶ 2.  Stone Ward has no offices or employees, no appointed agent for service of process, no bank account, no property, no mailing address or telephone listing, and is not registered to do business in Delaware.  *Id*. ¶ 3-5.  Stone Ward does not advertise in Delaware.  *Id*. ¶ 6.  Stone Ward has no clients in Delaware and none of its work for national clients is directed at Delaware. *Id*. ¶ 8-9.   ING has not alleged that Stone Ward derives any revenue from Delaware, much less the substantial revenue required by the statute to exercise general personal jurisdiction.

Although Stone Ward created the advertisements at issue in this action, Stone Ward maintains no website where the Internet advertisements were posted and never distributed

8.

the print advertisements in Delaware.  Decl. ¶ 14-15.  These Internet and print advertisements are

insufficient to rise to the level of regularly conducting or soliciting business in Delaware.  *See M*

*& M Techs., Inc. v. Gurtler Chems. Inc.*, C.A. 03-994,  2005 WL 293509, at *5 (D. Del. Feb. 8,

2005); *E.I. duPont de Nemours and Co. v. Rhodia Fiber and Resin Intermediates*, 197 F.R.D.

112, 122 (D. Del. 2000) ("The court also rejects the argument that Rhodia's website justifies

finding jurisdiction for a 'solicit[ing] business' in Delaware.  If owning a website justified a

finding of general jurisdiction in Delaware, then virtually every major corporation would be

subject to suit in Delaware's courts."); *Silicon Storage Techs.*, 20 F. Supp. 2d at 699 (holding

that advertising in national magazines without specifically targeting Delaware residents cannot

establish a pattern of regular solicitation to satisfy § 3104(c)(4)); *C.R. Bard Inc. v. Guidant*

*Corp.*, 997 F. Supp. 556, 561 (D. Del. 1998) ("The court also rejects the argument that

[defendant's] maintenance of a website… justifies a finding that [defendant] has engaged in a

persistent course of conduct in Delaware.").

      C.     The Exercise Of Personal Jurisdiction Over Stone Ward
              Would Violate The Due Process Clause.

The exercise of personal jurisdiction over Stone Ward would violate due process

because Stone Ward does not have the requisite systematic and continuous contacts with

Delaware such that it would reasonably be expected to be haled into a Delaware court.  This

Court need not determine whether jurisdiction over Stone Ward violates due process because

jurisdiction is improper under the Delaware long-arm statute.  *See Joint Stock Society  v.*

*Heublein, Inc.*, 936 F. Supp. 177, 194 (D. Del. 1996) (holding that because jurisdiction was not

authorized under the Delaware long-arm statute, the court need not analyze whether jurisdiction

would comport with due process); *Siemens Aktiengesellschaft v. LG Semicon Co.*, 69 F. Supp. 2d

9.

662, 627 (D. Del. 1999) (same). Regardless, the exercise of specific or general jurisdiction over Stone Ward would violate due process.

In order to constitutionally exercise general jurisdiction over a defendant, it must be shown that the defendant has minimum contacts with the forum state such that jurisdiction comports with "traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316. Minimum contacts have been described as actions whereby the defendant "purposefully avails itself of the privilege of conducting activities in the forum State, thus invoking the benefits and protections of its laws." *Asahi Metal Indus. Co. v. Superior Court of California*, 480 U.S. 102, 109 (1987).

The Third Circuit has held that the operation of a commercially interactive website accessible in the forum state is insufficient to establish jurisdiction over a defendant in the absence of evidence that the defendant intentionally targets the website to the forum state or knowingly conducts business with the forum state residents. *Toys "R" Us, Inc. v. Step Two S.A.*, 318 F.3d 446 at 451-52. *Accord Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 429 (9th Cir. 1997); *Hy Cite Corp. v. Badbusinessbureau.com*, 297 F. Supp. 2d 1154, 1161-62 (W.D. Wis. 2004); *Mid City Bowling Lanes & Sports Palace, Inc. v. Ivercrest, Inc.*, 35 F. Supp. 2d 507, 512 (E.D. La. 1999).

The Third Circuit has also recognized that Internet advertising is similar to national print advertising, and as such has held that Internet advertising is insufficient to establish the continuous and substantial contacts with the forum state required to constitutionally exercise general jurisdiction. *Resnick*, 52 F. Supp. 2d at 468; *Osteotech, Inc. v. Gensci Regeneration Sciences, Inc.*, 6 F. Supp. 2d 349, 356 (D.N.J. 1998); *Gehling v. St. George's School of Medicine*, 773 F.2d 539, 542 (3d Cir. 1985).

10.

Here, Stone Ward has no contacts with Delaware that would support general jurisdiction. Stone Ward does not have any employees, office, bank account, property, or client in Delaware. Decl. ¶ 5-6. Stone Ward creates Internet advertisements but does not operate, maintain, or interact through the websites where these advertisements appear. *Id*. ¶ 15. Stone Ward maintains a company website but that alone does not establish jurisdiction and none of the Internet advertisements at issue appeared therein.

CONCLUSION

For the foregoing reasons, ING's Complaint against Stone Ward should be dismissed for lack of personal jurisdiction.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Julia Heaney (#3052)*

Julia Heaney (#3052)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
Telephone:  (302) 351-9221
jheaney@mnat.com
*Attorneys for Defendant Stone & Ward, Inc.*

May 11, 2007
802075.1

CERTIFICATE OF SERVICE

I, Julia Heaney, hereby certify that on May 11, 2007, I electronically filed the

foregoing with the Clerk of the Court using CM/ECF, which will send notification of such

filing(s) to the following:

Francis DiGiovanni
Connolly Bove Lodge & Hutz LLP


Richard D. Kirk
Ashley B. Stitzer
The Bayard Firm

I also certify that copies were caused to be served on May 11, 2007 upon the

following in the manner indicated:


**BY HAND AND E-MAIL**

Francis DiGiovanni
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE  19899

Richard D. Kirk
Ashley B. Stitzer
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899-5130


*/s/ Julia Heaney*
_____
Julia Heaney (#3052)

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ING BANK, fsb and<br>ING DIRECT BANCORP<br><br>Plaintiffs,<br><br>v.<br><br>EVERBANK, EVERBANK FINANCIAL<br>CORP., and STONE & WARD, INC.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)    C.A. No: 07-154-GMS<br>)<br>)<br>)<br>)<br>)<br>) |

## DECLARATION OF JOHN M. ROGERS

I, John M. Rogers, declare:

1.  I am Chief Financial Officer and Treasurer of Stone & Ward, Inc. ("Stone Ward"). I have personal knowledge of all facts stated herein, which are true and correct.

2.  Defendant Stone Ward is an advertising and public relations agency incorporated in Arkansas with its principal place of business at 225 E. Markham, Little Rock, Arkansas 72201.

3.  Stone Ward has no offices in Delaware.

4.  Stone Ward is not registered to do business with the Delaware Secretary of State.

5.  Stone Ward has no mailing address, telephone number, employees, registered agent, bank account, or property in Delaware.

6.  Stone Ward has no clients in Delaware and does not advertise or solicit business in Delaware.

7.  Stone Ward receives no revenue from Delaware.

8.    Stone Ward has not created any advertisement for any client that has been directed at or intended to reach Delaware and the residents of Delaware.

9.    Stone Ward has never placed an advertisement for its services in a Delaware newspaper, magazine, television channel, or Delaware specific website.

10.   The Internet advertisement that is the subject of ING's Complaint ("EverBank Internet advertisement") appeared on certain websites from February 1-13, 2007 only.

11.   The print advertisement material that is the subject of ING's Complaint ("EverBank print advertisement") was distributed in Chicago, San Francisco, and New York on January 31, 2007 only.

12.   Both the Internet and print advertisements were created for EverBank.

13.   None of Stone Ward's work on the EverBank Internet advertisement and print advertisement was performed in Delaware.

14.   Stone Ward never disseminated the EverBank print advertisement in Delaware.

15.   Stone Ward did not operate any of the websites where the EverBank advertisement was placed.

16.   Stone Ward's name never appeared on the EverBank Internet advertisement or anywhere on EverBank's home website.


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on May _9_, 2007 at Little Rock, Arkansas.

_____

John M. Rogers