IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ING BANK, fsb and ING DIRECT BANCORP, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | C.A. No. 07-154 (GMS) |
| EVERBANK, EVERBANK FINANCIAL ) | |
| CORP., and STONE & WARD, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**STONE WARD'S ANSWERING BRIEF IN OPPOSITION
TO ING'S MOTION TO ENLARGE THE BRIEFING SCHEDULE
<u>TO PERMIT JURISDICTIONAL DISCOVERY</u>**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Julia Heaney (#3052)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 351-9221
jheaney@mnat.com

*Attorneys for Defendant Stone & Ward, Inc.*

May 31, 2007

# TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| TABLE OF CITATIONS |  | ii |
| SUMMARY OF ARGUMENT |  | 1 |
| ARGUMENT |  | 1 |
| I. | ING HAS NOT DEMONSTRATED THAT JURISDICTIONAL DISCOVERY IS WARRANTED | 1 |
|  | A.   Standard For Jurisdictional Discovery | 1 |
|  | B.   ING's Claim of Personal Jurisdiction Over Stone Ward is Clearly Frivolous | 2 |
|  | C.   Jurisdictional Discovery Would Not Produce Any Competent Evidence That Stone Ward Is Subject To Personal Jurisdiction In Delaware | 5 |
| CONCLUSION |  | 6 |

TABLE OF CITATIONS

Page(s)

**CASES**

*ADP Investor Commc'n Servs. v. In House Attorney Servs.*,
   390 F. Supp. 2d 212 (E.D.N.Y. 2005) ..................................................................................4

*Atlanta Gas Light Co. v. Semaphore Advertising, Inc.*,
   747 F. Supp. 715 (S.D. Ga. 1990) .......................................................................................4

*B.L. Poe v. Babcock, Int'l*,
   662 F. Supp. 4 (M.D. Pa. 1985)............................................................................................5

*Courtroom Television Network v. Focus Media, Inc.*,
   264 A.D.2d 351 (N.Y. App. Div. 1999)................................................................................4

*eSpeed, Inc. v. Brokertec USA*,
   C.A. 03-612, 2004 WL 2346137 (D. Del. Sept. 13, 2004) ..................................................2

*Foster Wheeler Energy Corp. v. Metallgesellschaft AG*,
   C.A. 91-214, 1993 WL 669447 (D. Del. Jan. 4, 1993).........................................................4

*Grumbkow v. Walt Disney Co.*,
   C.A. 06-489, 2007 WL 570196 (D. Del. Feb. 20, 2007) .....................................................1

*Hansen v. Nuemueller GmBH*,
   163 F.R.D. 471 (D. Del. 1995) .............................................................................................1

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
   446 U.S. 408 (1984)..............................................................................................................3

*Intel Corp. v. Silicon Storage Tech., Inc.*,
   20 F. Supp. 2d 690 (D. Del. 1998)........................................................................................5

*Keeton v. Hustler Magazine*,
   465 U.S. 770 (1984)..............................................................................................................3

*Mass. Sch. Of Law at Andover v. Am. Bar Ass'n*,
   107 F.3d 1026 (3d Cir. 1997)................................................................................................1

*Resnick v. Manfredy*,
   52 F. Supp. 2d 462 (E.D. Pa. 1999) ..................................................................................3, 5

*Telcordia Techs., Inc. v. Alcatel S.A.*,
   C.A. 04-874, 2005 WL 1268061 (D. Del. May 27, 2005)................................................ 1-2

iii.

*United States v. Consolidated Rail Corp.*,
　　674 F. Supp. 138 (D. Del. 1987)..................................................................................3

**OTHER AUTHORITIES**

10 Del. C. §3104(c)(4) ......................................................................................................3

Rule 12(b)(2) .....................................................................................................................2

1.

## SUMMARY OF ARGUMENT

ING's motion to enlarge the briefing schedule to permit jurisdictional discovery should be denied. In the face of Stone Ward's motion to dismiss for lack of personal jurisdiction – supported by a declaration denying ING's jurisdictional allegations – ING has not alleged any additional facts to indicate that competent evidence exists to support personal jurisdiction over Stone Ward. ING's unsupported allegations are insufficient to warrant discovery, and, contrary to ING's assertion, its claim of personal jurisdiction over Stone Ward is clearly frivolous.

## ARGUMENT

I. ING HAS NOT DEMONSTRATED THAT JURISDICTIONAL DISCOVERY IS WARRANTED

A. Standard For Jurisdictional Discovery

ING, as the plaintiff, bears the burden of demonstrating facts sufficient to support the exercise of personal jurisdiction over Stone Ward. Where a plaintiff seeks jurisdictional discovery, there must be some evidence to indicate that the defendant is amenable to suit in the forum state. *Telcordia Techs., Inc. v. Alcatel S.A.*, C.A. 04-874, 2005 WL 1268061, at * 9 (D. Del. May 27, 2005).

A court will allow jurisdictional discovery only if the claim is not clearly frivolous. *Id.* "A mere unsupported allegation that the defendant 'transacts business' in an area is 'clearly frivolous.'" *Mass. Sch. Of Law at Andover v. Am. Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997). Further, "there must be *some* competent evidence to demonstrate that personal jurisdiction over the defendant might exist before allowing discovery to proceed." *Hansen v. Nuemueller GmBH*, 163 F.R.D. 471, 475 (D. Del. 1995). *See also Grumbkow v. Walt Disney Co.*, C.A. 06-489, 2007 WL 570196, at *2 (D. Del. Feb. 20, 2007) (Farnan, J.) ("Plaintiff is

2.

required to respond to a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction with actual proof, not mere allegations.").

          B.     ING's Claim of Personal Jurisdiction Over Stone Ward is Clearly Frivolous

ING's claim that Stone Ward is subject to personal jurisdiction in Delaware is clearly frivolous. ING relies solely on unsupported allegations that Stone Ward has contacts with Delaware and has proffered no competent evidence that warrants jurisdictional discovery. Granting ING's request for discovery would permit it to conduct a fishing expedition in the hope of finding some basis for jurisdiction.

ING's Complaint alleged that Stone Ward intended to "obtain business from Delaware residents," has "ongoing" and "significant" "contact with Delaware," and "creates advertisements for [national clients] that directly target Delaware residents." D.I. 15. In response, Stone Ward submitted the declaration of its CFO, John Rogers, who directly contradicted each of those allegations. *See* Rogers Decl. D.I. 11, Ex. A.

In its motion for discovery, ING has offered nothing further to support its jurisdiction allegation. ING has provided no evidence that Stone Ward intended to obtain business from Delaware residents. The fact that Stone Ward created a comparative advertisement for a competitor of ING, a citizen of Delaware, does not constitute a contact with Delaware – the ad neither directly targeted Delaware nor was it a "related contact."[1] The Delaware long arm statute and due process require that the defendant's actions be directed at Delaware and the privileges of Delaware laws. *See Telcordia*, 2005 WL 1268061 at *2. Also,

---

[1]     ING argues that jurisdiction can be established "through sufficient other related contacts," citing *eSpeed, Inc. v. Brokertec USA,* C.A. 03-612, 2004 WL 2346137 (D. Del. Sept. 13, 2004), but none of the contacts discussed in *eSpeed* are present here.

3.

contrary to ING's assertion, the fact that ING is headquartered in Delaware does not establish a nexus between ING's Complaint and Stone Ward's conduct that would support specific jurisdiction.

As to its argument that this Court can exercise general jurisdiction over Stone Ward pursuant to 10 Del. C. §3104(c)(4), ING ignores established law that general jurisdiction over a non-resident requires "continuous and systematic general business contacts" with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 446 U.S. 408, 416 (1984). Exercise of general jurisdiction requires a higher level of activity than specific jurisdiction. *Keeton v. Hustler Magazine*, 465 U.S. 770, 779 (1984). *See also United States v. Consolidated Rail Corp.*, 674 F. Supp. 138, 145 (D. Del. 1987) (holding that Boston newspaper's eleven advertising accounts and twenty-six subscriptions with Delaware residents were too minimal for court to maintain general jurisdiction). ING, however, has provided *no* evidence that Stone Ward creates advertisements for its national clients that are purposefully directed at Delaware.[2] ING has asserted "upon information and belief" that advertising that Stone Ward creates for Meineke Car Care Centers or Terminix directly targets Delaware and "appear[s] in Delaware publications on a regular basis." In fact, none of Stone Ward's advertising for national clients has been directed at Delaware, and Stone Ward has not placed its advertisements in Delaware publications. Rogers Decl., D.I. 11, Exh A, ¶ 8-9. The only thing that the Stone Ward website page cited by ING shows is that Stone Ward creates advertisements for national clients – there is nothing to suggest that those advertisements target Delaware.

---

[2] The advertisements Stone Ward creates for its national clients, be it television, radio, or website, are the same as advertising in a national newspaper and insufficient to establish personal jurisdiction. *Resnick v. Manfredy*, 52 F. Supp. 2d 462, 468 (E.D. Pa. 1999).

4.

The allegation that Stone Ward created an interactive website and in-store advertising for TCBY, specifically at TCBY locations in Delaware, is irrelevant. As noted in the AdWeek article upon which ING relies, TCBY "shifted its account from Stone Ward" in 2003, and ING cannot allege that Stone Ward currently handles any advertising for TCBY. Jurisdictional contacts are ascertained as of the time jurisdiction is sought to be asserted. *Foster Wheeler Energy Corp. v. Metallgesellschaft AG*, C.A. 91-214, 1993 WL 669447 at *8 n.8 (D. Del. Jan. 4, 1993) (Robinson, J.).

The cases ING cites that found personal jurisdiction over advertising agencies are inapposite. The court in *ADP Investor Commc'n Servs. v. In House Attorney Servs.*, 390 F. Supp. 2d 212, 220 (E.D.N.Y. 2005) did *not* hold that it had jurisdiction over an advertising agency. Rather, *ADP* cites to *Courtroom Television Network v. Focus Media, Inc.*, 264 A.D.2d 351 (N.Y. App. Div. 1999), which found personal jurisdiction over an advertising agency under circumstances entirely different from here. *ADP*, 390 F. Supp. at 220. The advertising agency in *Courtroom Television* was subject to personal jurisdiction because it intended the performance of the contract to occur in New York and "the act of sending tapes of advertisements into New York to be broadcast from Court TV's New York studio was a purposeful transaction of business in the state." 264 A.D.2d at 353.

In *Atlanta Gas Light Co. v. Semaphore Advertising, Inc.*, 747 F. Supp. 715 (S.D. Ga. 1990), personal jurisdiction over a South Carolina advertising agency was proper because the agency specifically targeted Georgia television stations to broadcast the advertisements. The televisions stations served only Georgia and parts of South Carolina. *Id*. at 721. Unlike the purposeful contact directed to the forum states in those cases, Stone Ward did not send its advertisements into Delaware nor place them on any Delaware specific media channels.

      C.      Jurisdictional Discovery Would Not Produce Any Competent Evidence That Stone Ward Is Subject To Personal Jurisdiction In Delaware

Were jurisdictional discovery granted, the information ING seeks would not serve to establish personal jurisdiction over Stone Ward in any event. ING argues that it needs discovery in order to learn about seven different topics. D.I. 15 at 10. As to four of these topics, Stone Ward has already shown that it has no business contacts in Delaware, has not solicited business in Delaware, and has not created or published advertisements in Delaware publications. ING's bare allegations do not support discovery on these topics.

The rest of the topics listed, even if shown, cannot establish personal jurisdiction. It is irrelevant whether Stone Ward has put advertisements into the stream of commerce because national advertisements alone cannot support jurisdiction. *Resnick*, 52 F. Supp 2d at 468; *Intel Corp. v. Silicon Storage Tech., Inc.,* 20 F. Supp. 2d 690 (D. Del. 1998) Further, the level of interactivity of a website is pertinent solely to the assertion of personal jurisdiction over the owner of the website, not Stone Ward. The Internet advertisements that Stone Ward creates for its clients do not advertise Stone Ward's services, just as the advertisement that Stone Ward created for EverBank never mentions Stone Ward.

Because ING has set forth only unsupported allegations while Stone Ward has provided declaration evidence, jurisdictional discovery would be an impermissible fishing expedition. *See B.L. Poe v. Babcock, Int'l*, 662 F. Supp. 4, 7 (M.D. Pa. 1985) ("Since plaintiff has met defendants' affidavit evidence with mere speculation, plaintiff's request for an opportunity to conduct discovery on the matter must be denied. It would be inappropriate for this court to allow plaintiff to conduct a fishing expedition in order to construct a basis for jurisdiction."). The substantial expense of jurisdictional discovery would unduly burden Stone Ward and delay resolution of Stone Ward's motion to dismiss without justification.

6.

## CONCLUSION

For the foregoing reasons, ING's motion to enlarge the briefing schedule to permit jurisdictional discovery should be denied.

        MORRIS, NICHOLS, ARSHT & TUNNELL LLP

        */s/ Julia Heaney (#3052)*

        Julie Heaney (#3052)
        1201 N. Market Street
        P.O. Box 1347
        Wilmington, DE  19899-1347
        (302) 351-9221
        jheaney@mnat.com
        *Attorneys for Defendant Stone & Ward, Inc.*

May 31, 2007

839623

CERTIFICATE OF SERVICE

I, Julia Heaney, hereby certify that on May 31, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Francis DiGiovanni
>Connolly Bove Lodge & Hutz LLP
>
>Richard D. Kirk
>Ashley B. Stitzer
>The Bayard Firm

I also certify that copies were caused to be served on May 31, 2007 upon the following in the manner indicated:

**BY HAND AND E-MAIL**

Francis DiGiovanni
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE  19899


Richard D. Kirk
Ashley B. Stitzer
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899-5130


*/s/ Julia Heaney*
_____
Julia Heaney (#3052)