IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---

| | |
|---|---|
| **ING BANK, fsb (d/b/a ING DIRECT), and ING DIRECT BANCORP,** | : <br> : <br> : <br> : |
| Plaintiffs, <br> v. | : <br> : Civil Action No. 07-154-GMS <br> : |
| **EVERBANK, and EVERBANK FINANCIAL CORP.** | : <br> : <br> : |
| Defendants. | : |

---

## JOINT STATUS REPORT

Pursuant to the Court's Notice of Scheduling Conference dated November 29, 2007 (D.I. 22), counsel for the respective parties submit this Joint Status Report.

1.  **Jurisdiction and Service.**  The Court has subject matter jurisdiction of this matter. All of the parties are subject to the Court's jurisdiction. At this time, no parties remain to be served.

2.  **Substance of the Action.**  This is an action allegedly arising under the Lanham Act of 1946, the Delaware Trademark Act, the Delaware Uniform Deceptive Trade Practices Act, and Delaware common law. Plaintiffs ING Bank, fsb (d/b/a ING DIRECT), and ING DIRECT Bancorp (collectively, "ING DIRECT"), brought suit against EverBank and EverBank Financial Corp. (collectively, "EverBank"). ING DIRECT alleges that EverBank embarked on an advertising and promotional campaign that improperly used and traded upon the ING name and ORANGE BALL DESIGN mark, and that EverBank improperly uses the ING name and variations of it in conjunction with search engine sponsored links. ING DIRECT alleges that

EverBank is liable for trademark infringement, use of false designations, unfair competition, trademark dilution, injury to business reputation, unfair competition, and unjust enrichment.

EverBank denies liability, and asserts that any reference it has made regarding ING Direct in any advertising constituted nominative fair use and lawful comparative advertising. EverBank further asserts that, while the internet advertising campaign complained of was entirely lawful, it ceased the campaign in order avoid litigation more than ten months ago – and after only a few weeks of running the advertising in question. EverBank further denies any improper use of ING Direct trademarks in conjunction with search engine sponsored links.

**3.    Identification of Issues.**  The factual and legal issues genuinely in dispute are: liability of EverBank for the alleged counts of trademark infringement, use of false designations, unfair competition, trademark dilution, injury to business reputation, unfair competition, and unjust enrichment; damages (and/or equitable remedies) to be awarded to ING DIRECT in the event of a finding of liability of EverBank; whether an award of attorneys fees and costs is appropriate in the event of a finding of liability of EverBank; whether an award of attorneys fees and costs to EverBank is appropriate in the event of a finding of no liability for EverBank; the amount of attorneys fees and costs to be awarded ING DIRECT in the event of a finding of liability against EverBank; and the amount of attorneys fees and costs to be awarded to EverBank in the event of a finding of no liability for EverBank.

**4.    Narrowing of Issues**.  The parties believe that certain liability issues in the litigation may be appropriate for decision on summary judgment, after at least some amount of discovery. Specifically, the parties believe that at least the issues of trademark infringement and improper use of trademarks in conjunction with search engine sponsored links can be decided by motions for summary judgment.

5.    **Relief.**  ING DIRECT seeks a permanent injunction enjoining EverBank, its officers, employees, agents, and all others acting in concert with it or participating with it from further improper use of ING DIRECT's trade names or variations thereof, including use in website metatags or sponsored links.  Plaintiff also seeks damages and an award of costs and attorney's fees.  Defendant seeks an award of costs and attorneys' fees.

6.    **Amendment of Pleadings.**  The parties propose that motions to amend the pleadings be filed on or before May 1, 2008.

7.    **Joinder of Parties.**  The parties propose that motions to join additional parties be filed on or before May 1, 2008.

8.    **Discovery.**  At this time, the parties are not aware of any way in which discovery can be limited, nor are the parties aware of less costly and time-consuming methods that may be available to obtain necessary information.  The parties propose that discovery be completed, and other pretrial matters be due, pursuant to the following timeline:

| Event | Proposed Date |
| --- | --- |
| Initial disclosures | 1/4/08 |
| Joinder of other parties | 5/1/08 |
| Amendment of pleadings | 5/1/08 |
| Fact discovery cut-off | 8/1/08 |
| Opening expert reports | 8/15/08 |
| Rebuttal expert reports | 9/12/08 |
| Expert discovery cut-off | 10/3/08 |
| S/J opening letters | 8/8/08 |
| S/J answering letters | 8/15/08 |
| S/J reply letters | 8/22/08 |
| S/J teleconference | 8/29/08 |
| S/J motions (if allowed) | 9/18/08 |
| Motions *in limine* | 12/9/08 |

| Pretrial conference | 1/12/09 |
| --- | --- |
| Trial | 2/2/09 |

**9.     Estimated trial length.**  The parties believe that the trial will require five (5) days.  The parties do not believe that it is feasible or desirable to bifurcate the issues for trial.  At this time, the parties do not believe that it is possible to reduce the length of trial by stipulations, use of summaries or statements, or other expedited means of presenting evidence.  The parties will, however, continue to explore this possibility as discovery proceeds.

**10.     Jury trial.**  The parties have all requested a jury trial of all issues so triable.

**11.     Settlement**.  The parties have had settlement discussions, and at the present time expect that they will continue.  The prospects of settlement are difficult to quantify at the present time.  The parties believe that referral to a Magistrate Judge for a settlement conference may facilitate possible settlement.

At this time, there are no other matters that counsel consider conducive to the just, speedy and inexpensive determination of this action.

Counsel for the parties have conferred about each of the above matters.

/s/ Francis DiGiovanni
Francis DiGiovanni (#3189)
Stanley C. Macel, III (#492)
CONNOLLY BOVE LODGE & HUTZ LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207
(302) 658-9141

Of Counsel:

/s/ Richard D. Kirk
Richard D. Kirk (#922)
Ashley B. Stitzer (#3891)
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130
(302) 655-5000

Of Counsel:

| | |
|---|---|
| Jennifer Fraser | R. David Hosp |
| CONNOLLY BOVE LODGE & HUTZ LLP | GOODWIN PROCTER LLP |
| 1990 M Street, N.W., Suite 800 | Exchange Place |
| Washington, D.C.  20036 | Boston, MA  02109 |
| (202) 331-7111 | (617) 570-1000 |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |

Dated:  December 10, 2007

580564v1